JOHN S. HINMAN, State Bar No. 265581
LAW OFFICES OF JOHN S. HINMAN
john@hinmanlawfirm.com
3730 E. Broadway, Suite EF
Long Beach, California 90803
Telephone: 562.228.1375
Facsimile: 562.228.1376

Attorneys for Plaintiff **DANIEL GUERRERO**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL GUERRERO, an individual<br><br>Plaintiff,<br><br>vs.<br><br>DEBORAH ANGHESOM, M.D., an individual; JORGE RIVERA, M.D., an individual; UNITED STATES OF AMERICA<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Medical Malpractice** |

Comes now, Plaintiff, DANIEL GUERRERO, and hereby alleges as follows:

**JURISDICTION & VENUE**

1. This action is brought in the United States District Court under the Federal Tort Claims Act ("FTCA"), Title 28, 2671, et seq. of the United States Code. This Court is vested with jurisdiction pursuant to 28 U.S.C. 2679 and 28 U.S.C. 1346(b). The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

1
COMPLAINT FOR DAMAGES

2. Venue is proper under 28 U.S.C. 1402 because the plaintiff resides within the Central District of California and the acts and omissions complained of occurred within the District.

## PRE-LAWSUIT FILINGS

3. Plaintiff has exhausted his administrative remedies. On May 13, 2014, plaintiff presented the claim alleged in this Complaint, to the Department of Veterans Affairs, the appropriate Federal Agency for this claim, on Standard Form 95. Plaintiff's claim was for $2,250,000.00. A copy of the Standard Form 95, including Exhibits 1-3, is attached hereto as Exhibit "A", and incorporated herein by reference. The date of the incident complained of by plaintiff was July 24, 2013, therefore plaintiff's claim was filed within two years of the accrual of his claim pursuant to 28 U.S.C. 2401(b).

4. The Department of Veterans Affairs acknowledged receipt of the Standard Form 95 in correspondence dated June 3, 2014, which is attached hereto as Exhibit "B", and incorporated herein by reference.

5. The Department of Veterans Affairs failed to timely resolve the claim by failing to fully resolve the claim within six months of its filing, and then sent a denial of the claim on January 6, 2015. A copy of this denial is attached hereto as Exhibit "C", and incorporated herein by reference. This denial contained several typographical errors, including a date of January 6, 2014, which error should be and is corrected for purposes of this Complaint to January 6, 2015, and a date that the claim was received of March 27, 2014, which error should be and is corrected for purposes of this complaint to May 27, 2014. Despite these errors, this denial was a final denial of the claim, allowing plaintiff to file this Complaint pursuant to 28 U.S.C. 2675(a). This Complaint is timely filed within six months of denial of plaintiff's claim pursuant to 28 U.S.C. 2401(b).

/ / /

/ / /

## PARTIES

6. Plaintiff, Daniel Guerrero, is, and at all times relevant to this Complaint was, a resident of the County of San Bernardino, California.

7. Defendants, DEBORAH ANGHESOM, M.D., and JORGE RIVERA, M.D., and other medical providers fictitiously sued as DOES 1-10, inclusive, are and at all relevant times alleged herein were, employees and/or agents of the Department of Veterans Affairs, Loma Linda Healthcare System (hereinafter "Loma Linda HCS") and at all relevant times alleged herein were acting within the course and scope of their agency and employment. These defendants were each physicians and other healthcare providers licensed by the State of California, holding themselves out as competent to provide medical services, and actively engaged in the profession of providing such medical services. The Department of Veterans Affairs at all relevant times approved of and ratified the conduct of each of these named defendants. Defendant, the UNITED STATES OF AMERICA, at all relevant times alleged herein was acting through its agency, the Department of Veterans Affairs.

8. Defendants, DOES 1-10, inclusive, are healthcare providers whose true names and capacities are currently unknown to plaintiff. Plaintiff therefore sues these defendants by fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants was a healthcare provider who participated in the negligent care alleged within this Complaint and thereby proximately caused damages to plaintiff as alleged herein and/or is otherwise responsible for the acts complained of herein. Plaintiff will amend this Complaint to allege the true names and capacities of each DOE defendant when ascertained.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates herein by reference the foregoing allegations in Paragraphs 1-8 as though set forth fully herein.

/ / /

10. All of the facts, acts, events and circumstances herein mentioned and described occurred in the County of San Bernardino, in the State of California.

11. Plaintiff, DANIEL GUERRERO, is a veteran of the United States armed forces. As a result of his status, the Department of Veterans Affairs was, at all relevant times herein alleged, responsible for providing medical services to plaintiff, including those services alleged herein.

12. On July 24, 2013, plaintiff presented to the Loma Linda HCS, and to defendant DEBORAH ANGHESOM, M.D., for purposes of undergoing a routine colonoscopy. According to Dr. ANGHESOM's report, she performed the colonoscopy without any complications.

13. Shortly after the procedure, plaintiff experienced significant abdominal pain and complained of this pain to the post-operative staff. This resulted in plaintiff being taken for an exploratory laparotomy on the same day.

14. On July 24, 2013, defendant JORGE RIVERA, M.D., performed an exploratory laparotomy procedure on plaintiff. During this operation, DR. RIVERA, found serosal tears throughout plaintiff's entire large intestine, with multiple impending rents in the mucosal layer of the large intestine. These severe and significant injuries, virtually unheard of from the performance of a routine colonoscopy, were indicative that DR. ANGHESOM had been negligent in the performance of the colonoscopy.

15. During DR. RIVERA's surgery, he made the decision to remove 102 centimeters of plaintiff's large intestine, which represented essentially all of plaintiff's large intestine with the exception of a "rectal stump." DR. RIVERA's decision was negligent for failing to utilize more conservative treatment options that would have, to reasonable degree of medical probability, have salvaged all or a large portion of Claimant's large intestine and allowed him to recover the use of his large intestine.

///

16. Plaintiff is informed and believes, and thereon alleges, that DOES 1-10, are of names and capacities not currently known to plaintiff but are healthcare providers employed by the Loma Linda HCS whom played a role in providing the negligent healthcare to plaintiff on July 24, 2013, such that they proximately and legally contributed to plaintiff's outcome.

17. As a result of the negligence of the defendants, plaintiff has suffered severe systemic health complications due to the lack of a functioning large intestine, which include, but are not limited to, the use of an ostomy bag, severe bouts of dehydration, systemic illnesses, change of diet, decline of health and immune system, and the need for significant medical care and treatment, including urgent and emergent hospitalizations. Plaintiff's condition will continue to remain the same, and he will continue to require significant amounts of medical care, for the remainder of his life. His future care may also require a re-anastomosis surgery, however the prognosis for this surgery is that he will continue to suffer from chronic and continuous diarrhea due to the lack of a large intestine. These physical injuries have also had a significant and profound effect on plaintiff's mental and emotional well-being.

## FIRST CAUSE OF ACTION

*Medical Malpractice*

(Against all Defendants)

18. Plaintiff incorporates herein by reference the foregoing allegations in Paragraphs 1-16 as though set forth fully herein.

19. At all times herein mentioned, and prior thereto, plaintiff was in the exclusive control of defendants, and at no time prior to the events complained of herein did the defendants obtain a knowledgeable, informed consent for said care, treatment or conduct and at no point prior to the care, treatment, procedure or conduct was an opportunity for plaintiff or any authorized agent of plaintiff to exercise voluntary, knowledgeable, and informed consent to said care, treatment,

procedure or conduct.

20. Prior to, or on, July 24, 2013, plaintiff employed defendants, and each of them, including their employees and agents, to provide healthcare services to him, including but not limited to performance of a routine colonoscopy and all things necessary for performance of that procedure. Thereafter, plaintiff also employed defendants, and each of them, for further healthcare services including but not limited to post-procedure diagnosis, care, and treatment, and performance of an exploratory laparotomy, and all of the things necessary for performance of that surgery. As a result, defendants, and each of them, owed plaintiff a duty to provide reasonable care and services to plaintiff, including the duty to possess the requisite skill and qualifications to provide the care, and to perform those services in a reasonably careful manner. This duty is commonly referred to as the standard of care.

21. Defendants and each of them, breached their applicable standards of care, by negligently, carelessly and unskillfully providing the complained of care to plaintiff, including but not limited to: the negligent hiring and retention of staff, negligence in the examination, diagnosis, care and treatment of plaintiff, negligent performance of procedures and operations, and negligent failure to obtain informed consent. Specifically these negligent acts and omissions include, but are not limited to: the negligent and careless performance of a routine colonoscopy on plaintiff and the negligent and careless performance of an exploratory laparotomy and unnecessary removal of plaintiff's entire large intestine during that operation.

22. The negligence of each of the defendants was the proximate cause of severe injuries and damages to plaintiff, including but not limited to the loss of his entire large intestine and the severe health complications, mental and emotional effects from those health complications, and medical care required to treat those health complications.

///

23. As a direct, proximate, and legal result of the negligence of each of the defendants, plaintiff has, and will continue to, suffer special damages in the form of past and future medical care costs and past and future loss of earnings and earnings capacity. These special damages are claimed in an amount to be proved at trial.

24. As a direct, proximate, and legal result of the negligence of each of the defendants, plaintiff has, and will continue to, suffer general damages in the form of pain, suffering, and emotional distress from his significant physical injuries. These general damages are claimed in an amount to be proved at trial.

## PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

1. Past and future general damages, in sums according to proof;
2. Past and future special damages, including for medical expenses and loss of earnings and earnings capacity, according to proof;
3. For recovery of attorney's fees to the full extent permitted by law;
4. For costs of suit incurred in this action;
5. For interest to the maximum extent allowed by law;
6. For such other and further relief as the Court may deem just.

DATED: February 6, 2015            LAW OFFICES OF JOHN S. HINMAN

By: _____
John S. Hinman
Attorneys for Plaintiff
john@hinmanlawfirm.com

# EXHIBIT A

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

**1. Submit to Appropriate Federal Agency:**

VA Loma Linda HCS c/o Director Barbara Fallen
11201 Benton St.
Loma Linda, CA 92357

**2. Name, address of claimant, and claimant's personal representative if any.** (See instructions on reverse). Number, Street, City, State and Zip code.

Daniel Guerrero, 25897 Chula Vista St., Redlands, CA 92373; Represented by John S. Hinman, Esq., 3730 E. Broadway, Suite A, Long Beach, CA 90803, Phone: 562-228-1375, Fax: 562-228-1376

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 7/21/1944 | Single | 7/24/2013    Wednesday | 8:00 a.m. |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Please see attachment "Exhibit 1."

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Please see attachment "Exhibit 2."

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Please see attachment "Exhibit 3." | Please see attachment "Exhibit 3." |

**12. AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| N/A | $2,000,000 Special Damages  $250,000 General Damages | N/A | $2.25 Million |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| /s/ Claimant's Attorney | 562-228-1375 | 5/12/2014 |

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**

The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**

Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.)

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

**STANDARD FORM 95** (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

| | |
|---|---|
| 15. Do you carry accident Insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No | |

| | |
|---|---|
| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☐ No | 17. If deductible, state amount. |

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance?   ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

**INSTRUCTIONS**

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

**EXHIBIT 1 TO FORM SF – 95**

       On July 24, 2013, Claimant underwent a routine screening colonoscopy performed by Dr. Deborah Anghesom at the VA Loma Linda HCS.  Unfortunately, Dr. Anghesom was negligent in the performance of this colonoscopy, and her negligence caused significant injury to nearly the entire length of Claimant's large intestine.  Post-operatively, after Claimant complained of abnormal pain and symptoms, the perforation of his large intestine was identified and he was taken for an exploratory laparotomy by Dr. Jorge Rivera. Dr. Rivera was negligent for failing to obtain a fully informed consent, as Claimant was not competent to provide consent due to his medicated state, had requested that his sister who was his power of attorney be contacted, and she was not contacted prior to his surgery.  During the operation, Dr. Rivera noted what he termed to be multiple serosal tears throughout the large intestine with impending mucosal rents in multiple areas.  At that point, Dr. Rivera was negligent for determining that the entire large intestine needed to be resected and for performing a total colectomy, ileostomy and colonic decompression via cecostomy.  Dr. Rivera failed to utilize more conservative surgical options that would, to a reasonable degree of medical probability, have salvaged all or a large portion of Claimant's large intestine.  As a direct and legal result of the combined medical malpractice of Dr. Rivera, Dr. Anghesom, and the other healthcare providers who assisted them that day, Claimant was irreparably harmed.

**EXHIBIT 2 TO FORM SF – 95**

      As a direct and legal result of the negligence of Dr. Anghesom, Dr. Rivera, and those other healthcare providers who assisted them at the VA Loma Linda HCS on July 24, 2013, Claimant suffered a near-total resection of his large intestine.  Rather than going home that day, he was hospitalized until August 2, 2013, when he was finally discharged.  However, due to symptoms of acute severe dehydration caused by complications from removal of his entire large intestine, he was hospitalized the very next day, August 3, 2013, and remained hospitalized until August 6, 2013.

      Since that date, Claimant has suffered from the severe health consequences that result from not having a large intestine.  He has had to significantly change his lifestyle, including his dietary and hydration habits.  He requires significant medical follow-up and care on an ongoing basis.  He has suffered a significant decline in his overall health, including damage to his immune system and systemic responses including severe skin reactions.  He has to maintain his ostomy bag several times a day and carefully maintain the integrity of the skin around it.  He requires medications and supplements to treat his condition.  He has been advised that a reversal surgery of his ileostomy may be required/advised in the future.  However, given the small amount of remaining large intestine and rectum, a reanastomosis surgery will be very risky, and even if it succeeds Claimant will never have normal bowel function and will suffer from permanent diarrhea and require 8-12 bowel movements per day.  He is at increased risk for infections, severe dehydration, and other health complications that make medically probable that he will require emergent care and hospitalizations several times during his remaining life span for complications directly related to the loss of his large intestine.  In total, Claimant will require a lifetime of primary medical care, surgeries, and emergent care to treat his severe injury.

      Claimant has also lost income from time away from his business teaching traffic school.

      As a further result of his injuries, Claimant has suffered injury to his humanity, including constant pain, suffering, humiliation, anxiety and depression.  As a result of his injuries the enjoyment of his life has been diminished.  In total, the effect this has had on his life cannot be understated.

# EXHIBIT 3 TO FORM SF – 95

Claimant has identified witnesses from the VA Loma Linda HCS medical records that he has been able to obtain, he does not have contact information for these witnesses:

Dr. Deborah Anghesom

Ana Larios, GI Tech

Nurse Nora Risely

Dr. Jorge Rivera

Dr. Kan Nguyen

Dr. Mary Katherine Hughes

Dr. Allison Beckham

Dr. Stephanie Swinteck

Nurse Edwin Tolentino

Nurse Josephine Romano

Nurse Ronnie Hamilton

Nurse Ma Leilani Hall

Dustin R. Leek

Pathologist Dr. Resa L. Chase

Pathology Resident Dr. Laura J. Denham

Pathology Resident Dr. Huina Zhang

In addition, Claimant's sister, Esther Guerrero, who can be contacted through his counsel, John Hinman.  Claimant also reserves the right to later identify additional friends and family members who may testify regarding the human losses element of his claim.